### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CONZALOS GLASCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-1570-TWP-TAB |
| | ) | |
| CAPTAIN McKINNEY, DOCTOR NELSON, | ) | |
| DOCTOR WOLFE, NURSE DILLOW, | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY GRANTING DEFENDANT McKINNEY'S MOTION
### FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Captain McKinney's Motion for Summary Judgment. Plaintiff Conzalos Glasco ("Mr. Glasco"), has sued four defendants, one of whom, Captain McKinney, seeks resolution of the claims against him through summary judgment on the basis that Mr. Glasco failed to exhaust his available administrative remedies prior to filing this action. For the reasons explained below, Captain McKinney's Motion (Dkt. 16) is **GRANTED.**

## I. LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir.

2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).   The substantive law applicable to the pending motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007).   The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006).   This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.; see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

## II. <u>DISCUSSION</u>

**A.**    <u>**Undisputed Facts**</u>

On the basis of the pleadings and the expanded record, the following facts, construed in the light most favorable to Mr. Glasco as the non-movant, are undisputed for purposes of this motion for summary judgment:

On September 10, 2011, Mr. Glasco was an inmate incarcerated in the New Castle Correctional Facility ("New Castle") located in New Castle, Indiana. Captain McKinney was a correctional officer and employee of the GEO Group, Inc., ("GEO"), an entity that has contracted with the Indiana Department of Correction to operate and manage New Castle. On September 10, 2011, Mr. Glasco's hand was injured by other prisoners. Mr. Glasco alleges that Captain McKinney escorted him to the facilities medical clinic for his injured hand but then "rushed" him out of medical care stating that Mr. Glasco's right hand was not broken. Later, it was determined that Mr. Glasco's hand was in fact broken.

Inmates incarcerated at New Castle may utilize the Offender Grievance Process, set forth in the Indiana Department of Correction, Manual of Policies and Procedures, Offender Grievance Process, No. 00-02-301 to resolve concerns and complaints relating to conditions of their confinement. The first step of the grievance process is for the offender to attempt to resolve a complaint informally.  The second step requires an offender to file a formal grievance on a prescribed form within twenty (20) working days of the date of the incident giving rise to the complaint or concern.  The third step requires an offender to appeal the formal grievance response to the Department Offender Grievance Manager within ten (10) working days from the date of receipt of the grievance response.

Mike Smith ("Mr. Smith") is the Executive Assistant at New Castle and served in that

3

capacity at all times relevant to the allegations raised within Mr. Glasco's Complaint.  As the Executive Assistant, Mr. Smith oversees the operation of the grievance process.  Mr. Smith reviewed all information relating to Mr. Glasco that is contained within the Offender Grievance Review and Evaluation system, a system that is utilized to track, number, memorialize, and record all grievances filed by offenders at New Castle in accordance with the offender grievance process.  Based on his review of all of the grievances filed by Mr. Glasco, identified as Offender No. 890756, Mr. Smith was not able to locate any formal grievance that related to the actions or conduct of Captain McKinney which allegedly occurred or about September 10, 2011.

**B.**   <u>**Analysis**</u>

Captain McKinney argues that the record system used to record all grievances filed by offenders at New Castle, in accordance with the grievance process, reflects that Mr. Glasco failed to exhaust his administrative remedies prior to filing this action.  In response Mr. Glasco states without elaboration in an unsigned filing that he did exhaust his administrative remedies. In support he attaches six exhibits.  Even when viewing these exhibits in the light most favorable to Mr. Glasco, none of the exhibits support Mr. Glasco's position that he exhausted his available administrative remedies related to the circumstances of his claim of deliberate indifference against Captain McKinney.  Exhibit B reflects that Mr. Glasco did pursue an informal complaint: "I talked to Cpt. McKinney several days after this attack on how Cpt. McKinney try to convince medical wasn't nothing wrong with my right hand."  Dkt. 20-2.  But a formal grievance was not pursued on this issue, nor is there any evidence that an appeal of any formal grievance response was filed.   Instead, the exhibits reflect that Mr. Glasco successfully appealed a disciplinary conviction through the disciplinary appeals process concerning a non-party.

Mr. Glasco has not identified a genuine issue of material fact as to whether he filed a

timely and complete grievance concerning his claim against Captain McKinney. Therefore, Captain McKinney has met his burden of proving that Mr. Glasco "had available remedies that he did not utilize." *Dale,* 376 F.3d at 656.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Glasco's claim against Captain McKinney should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice." (emphasis in original)); *Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

### III.  CONCLUSION

For the reasons explained above, Captain McKinney's Motion for Summary Judgment (Dkt. 16) is **GRANTED.**

This Entry does not resolve the claims against the remaining parties.  No partial final judgment shall issue at this time as to the claim resolved in this Entry.

**SO ORDERED.**

Date:  04/18/2013
    _____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

5

DISTRIBUTION:

Conzalos Glasco, #890756
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
jeb@bleekedilloncrandall.com

Rachel A. East
BLEEKE DILLON CRANDALL PC
rachel@bleekedilloncrandall.com